UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **NINA TYLER,** § § § Plaintiff, § § v. § § **MIRAND RESPONSE SYSTEMS, INC.,** § § Defendant. § § § § | | **Civil Action No.:** <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NINA TYLER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIRAND RESPONSE SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA")

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

5. Plaintiff is a natural person residing in Humble, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with headquarters located at 16211 Park Ten Place, Houston, TX 77084.

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

10. The principal purpose of Defendant's business is debt collection.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all times material herein, Defendant attempted to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

14. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

15. Beginning in or around early 2017, Defendant placed repeated and harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt.

16. Defendant's originated from numbers including, but not limited to, 614-591-4806. The undersigned has confirmed this number belongs to Defendant.

17. Soon after the calls began Plaintiff told Defendant she could not pay the alleged debt and instructed Defendant to stop calling her.

18. Despite telling Defendant that she could not pay and instructing Defendant to stop calling, the calls continued through in or around May 2017.

19. Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassing Plaintiff.

20. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

21. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as a recording would play prior to a live collector coming on the telephone.

22. Defendant's calls were not placed for emergency purposes.

23. In order to get the calls to stop, Plaintiff ultimately had to download a call blocking application to her cellular telephone.

24. Defendant took the actions described above with the intent to deceive and coerce payment from Plaintiff towards a debt that Plaintiff does not owe.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

25. A debt collector violates § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

26. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27. Defendant violated §§ 1692d and 1692d(5), when it called Plaintiff repeatedly on her cellular telephone and continued to call after being told to stop calling within the one year period preceding the filing of this Complaint.

## COUNT II
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

28. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

29. Defendant's calls to Plaintiff were made to collect money, not for "emergency purposes."

30. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, NINA TYLER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    h.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NINA TYLER, demands a jury trial in this case.

                                                Respectfully submitted,

Dated: April 6, 2018                      /s/ Amy L. Bennecoff Ginsburg
                                                Amy L. Bennecoff Ginsburg
                                                Attorney-in-Charge for Plaintiff
                                                Pennsylvania Bar No. 202745
                                                Federal Bar No. 1477508
                                                Kimmel & Silverman, P.C.
                                                30 East Butler Pike
                                                Ambler, Pennsylvania 19002
                                                Phone: (215) 540-8888
                                                Facsimile: (877) 788-2864
                                                Email: aginsburg@creditlaw.com