**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NINA TYLER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1095 |
| | § | |
| MIRAND RESPONSE SYSTEMS, | § | |
| INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion")

[Doc. # 26] filed by Defendant Mirand Response Systems, Inc. ("Mirand"), to which

Plaintiff Nina Tyler filed a Response [Doc. # 27], and Mirand filed a Reply [Doc.

# 28]. Having carefully reviewed the full record and applicable legal authorities, the

Court **grants** Mirand's Motion.

## I.  FACTUAL BACKGROUND

Plaintiff had a checking account with overdraft protection at Woodforest

National Bank (the "Bank"). In connection with her checking account, Plaintiff

authorized calls to her cellphone, including through the use of pre-recorded/artificial

voice messages and/or use of an automatic dialing device. *See* Account Agreement,

Exh. D to Motion, Bates No. MRS0027; MRS0042.

Plaintiff became indebted to the Bank in the amount of $470.96. On February 21, 2017, Plaintiff's debt was assigned to Mirand for collection.

Plaintiff filed this lawsuit on April 6, 2018. Plaintiff alleges that Mirand contacted her by telephone in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") . After the close of discovery, Mirand moved for summary judgment on both claims. The Motion has been fully briefed and is now ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment should be rendered if the pleadings, the discovery and other admissible materials in the record show that there is no genuine, triable issue of material fact and that the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23, 327; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine, triable issue for trial. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See*

*Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves*

*Brokerage Co.*, 336 F.3d at 412-13). The Court is not required, however, to accept

the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions

which are either entirely unsupported, or supported by a mere scintilla of evidence.

*Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075.

## III.   FDCPA CLAIM

### A.      Statutory Provisions

The FDCPA is intended to "eliminate abusive debt collection practices by debt

collectors." *See* 15 U.S.C. § 1692(e). Plaintiff alleges that Mirand violated § 1692(d)

and § 1692(d)(5) of the FDCPA by making calls that were harassing, oppressive or

abusive.

The FDCPA provides that a "debt collector may not engage in any conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection

with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d(5) prohibits a debt

collector from "[c]ausing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass any

person at the called number." Unlike many sections of the FDCPA that are strict

liability provisions, § 1692d(5) contains an "intent" requirement. *See* 15 U.S.C.

§ 1692d(5); *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 n.11 (9th Cir. 2006).

### B.   Volume of Calls - § 1692d(5)

Plaintiff does not allege that Mirand telephoned her early in the morning or late at night.  Plaintiff has not presented evidence that any Mirand representative spoke to her in a threatening or abusive manner.  Indeed, the transcripts of the two phone calls between Plaintiff and a Mirand representative reflect conversations that are clearly not threatening or harassing.

Plaintiff argues that the volume of calls from Mirand violated the FDCPA. Plaintiff has presented evidence that Mirand telephoned her between 30 and 40 times over approximately two months.  The uncontroverted evidence in the record establishes that Plaintiff spoke with a Mirand representative on March 8, 2017. During that conversation, Plaintiff agreed for the representative to call again on March 22, 2017, around 12 noon.  Plaintiff testified in her deposition that she told Mirand to call back after March 22 because she wanted to see if they could get the Bank debt resolved.  *See* Deposition of Nina Tyler, Exh. 3 to Motion, p. 20.  The Mirand representative assured Plaintiff that she would not receive any calls from Mirand until March 22, 2017, and the uncontroverted evidence shows that there were no calls between the March 8 call and March 22, 2017.

Attempts to speak with Plaintiff after March 22, 2017, were not successful until May 2, 2017. At that time, Plaintiff said that she did not agree to autodial, prerecorded messages, and she hung up on the Mirand representative. *See* Transcript of May 2, 2017 Call, Exh. F to Motion. There is no evidence that Mirand called Plaintiff after that date.

The uncontested evidence demonstrates that Mirand's calls to Plaintiff were not, and were not intended to be, harassing, oppressive or abusive. Courts have granted summary judgment in favor of the defendant in similar, yet more egregious, circumstances. For example, in a case in this federal district, the Court granted summary judgment for a defendant who made 55 phone calls to the plaintiff over a 3-month period. *See Clingaman v. Certegy Payment Recovery Servs.*, 2011 WL 2078629, *5 (S.D. Tex. May 26, 2011). Similarly, in a Michigan case, the court granted summary judgment for a defendant who placed between 22 and 60 calls in a 5-week period. *See Saltzman v. I.C. Sys., Inc.*, 2009 WL 3190359, *6 (E.D. Mich. Sept. 30, 2009).

Here, Plaintiff's evidence is that Mirand placed between 30 and 40 calls over a period of approximately two months. Importantly, the uncontroverted evidence demonstrates that Mirand did not call Plaintiff between the first successfully-completed call on March 8, 2017, and March 22, 2017, the agreed-upon date for

further calls. The undisputed evidence shows also that Mirand did not call Plaintiff again after she hung up on the Mirand representative on May 2, 2017. This evidence, viewed in the light most favorable to Plaintiff, does not raise a triable issue regarding whether the calls were or were intended to be harassing for purposes of Plaintiff's FDCPA claim. As a result, Defendant is entitled to summary judgment on the FDCPA claim based on 15 U.S.C. § 1692d(5).

## III.  TCPA CLAIMS

### A.  Statutory Provision

The TCPA prohibits any person, absent the prior express consent of the telephone call recipient, from "mak[ing] any call . . . using any automatic telephone dialing system ["ATDS"] . . . to any telephone number assigned to a paging service [or] cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Campbell-Ewald Co. v. Gomez*, __ U.S. __, 136 S. Ct. 663, 666-67 (2016). Prior express consent may be revoked orally or in writing. *See Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 753 (W.D. Tex. 2011); *Cherkaoui v. Santander Consumer USA, Inc.*, 2013 WL 12328769, *5 (S.D. Tex. June 7, 2013). Mirand argues that its calls to Plaintiff did not violate the TCPA because they (1) were with her consent and (2) were not made using an ATDS.[1]

---

[1]     As discussed herein, Plaintiff has failed to present evidence that raises a triable issue
(continued...)

**B.    Consent**

As noted above, Plaintiff in the Account Agreement with the Bank authorized calls to her cellphone number, including through the use of pre-recorded/artificial voice messages and/or use of an automatic dialing device.  *See* Account Agreement, Exh. D to Motion, Bates No. MRS0027; MRS0042.  Beginning on February 22, 2017, based on that express consent, Mirand attempted to contact Plaintiff by telephone.  Plaintiff answered a call from Mirand on March 8, 2017.  At the beginning of that call, the Mirand representative asked whether it was "okay" to contact Plaintiff "using the autodialer and prerecorded messages only when necessary."  *See* Transcript of March 8, 2017 Call, Exh. E to Motion [Doc. 26-2], ECF p. 13.  Plaintiff answered "no because they callin' me every day." *See id.*  Later in that call, however, Plaintiff and the Mirand representative agreed for Mirand to call Plaintiff on March 22, 2017, around 12 noon.  Plaintiff testified in her deposition that she wanted them to call her back so she could resolve her debt to the Bank, and that she did not care what kind of technology they used to make the call.  *See* Tyler Depo., p. 40.  "[A]utodialed and prerecorded message calls to wireless numbers provided by the called party in

---

[1]      (...continued)
regarding her consent.  Therefore, the Court does not decide whether the dialing system used by Mirand qualifies as an ATDS under the TCPA.  *But see* 47 U.S.C. § 227(a)(1); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3rd Cir. 2018); *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927 (N.D. Ill. 2018).

connection with an existing debt are made with the 'prior express consent' of the called party." *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552 (6th Cir. 2015). Therefore, to the extent Plaintiff at the beginning of the March 8 call may have revoked the written consent she provided in the Account Agreement, later in that call she agreed for Mirand to call her beginning March 22 at the number she provided in connection with the existing debt to the Bank. There is no evidence that Mirand called Plaintiff, using an automatic dialing device or otherwise, between the March 8, 2017 call and March 22, 2017.

Mirand's representative spoke with Plaintiff again on May 2, 2017. During that call, Plaintiff again revoked consent for Mirand to "do autodial, prerecorded messages." *See* Transcript of May 2, 2017 Call, p. 2. Plaintiff did not thereafter consent to calls using automatic dialing devices, but there is no evidence that Mirand called Plaintiff using an ATDS after May 2, 2017.

Plaintiff argues that she revoked her consent for Mirand to contact her using an ATDS during the phone call on March 8, 2017. Plaintiff appears to have revoked consent, answering "no" to Mirand's question about use of an autodial device. It is unclear, however, because the context was Plaintiff's complaints about the frequency of the calls, not the method used to make the calls. Even if Plaintiff effectively revoked her written consent at the beginning of the March 8 call, she affirmatively

agreed to receive calls beginning March 22, 2017, to the cellphone number she provided in connection with the debt to the Bank. This constituted renewed consent to autodial calls. There is no evidence that Plaintiff thereafter revoked her consent until the May 2, 2017 call from Mirand, and there is no evidence that Mirand called Plaintiff using an ATDS after that date. As a result, Plaintiff has failed to present evidence that raises a genuine, triable issue of fact on the TCPA claim. Mirand's motion for summary judgment on this claim is, therefore, granted.

## IV.    CONCLUSION AND ORDER

As discussed herein, Plaintiff has failed to present evidence that raises a genuine, triable issue of material fact regarding her FDCPA and TCPA claims. Accordingly, it is hereby

**ORDERED** that Mirand's Motion for Summary Judgment [Doc. # 26] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this **15**<u>th</u> day of **May, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE